IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-00369-RJC-DCK

| | | |
|---|---|---|
| REBECCA DAWN SNOW | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE VANGUARD GROUP, INC. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant The Vanguard Group, Inc.'s (Vanguard) Motion for Summary Judgment, (Doc. No. 30), Plaintiff Rebecca Dawn Snow's (Snow) Response in Opposition, (Doc. No. 35), Defendant's Reply, (Doc. No. 48), Plaintiff's Motion to Strike or to File Surreply, (Doc. No. 50), and related pleadings. For the reasons below, the Court will deny Defendant's Motion for Summary Judgment.

I.  BACKGROUND

   A.  Procedural Background

On or about November 7, 2013, Snow filed a Charge of Discrimination against Vanguard with the U.S. Equal Employment Opportunity Commission (EEOC), alleging that she was discriminated against based of her age and sex and in retaliation for complaining about such discrimination. (Doc. No. 21: Second Amended Complaint, Exhibit 1). Snow amended the charge on January 28, 2014, with additional factual allegations. (Id., Exhibit 2). On June 3, 2014, Snow filed suit in state court, which Vanguard removed to this Court on July 3, 2014. (Doc. No. 1). On July 29, 2014, the EEOC issued a Dismissal and Notice of Rights advising Snow of her right to sue within ninety days. (Id., Exhibit 3). In the instant Complaint, Snow claims discrimination, retaliation, and wrongful discharge by Vanguard, under 29 U.S.C. § 2612,

et seq., the Family & Medical Leave Act (FMLA); 42 U.S.C. § 2000e, et seq., the Age Discrimination and Employment Act, (ADEA); and N.C.G.S. § 143-422.2. (Doc. No. 21: Second Amended Complaint). Vanguard moves for summary judgment on all her claims, (Doc. No. 30), and this matter is ripe for disposition.[1] Trial is scheduled for November 2, 2015. (Doc. No. 27: Order).

B.   Factual Background

Among the undisputed facts are the following: Snow was born on October 2, 1963, and was entitled to the protections of the FMLA and ADEA while employed by Vanguard. (Doc. No. 22: Answer to Second Amended Complaint at 1-2). She was hired on July 17, 2000, as an S (Senior) Level Information Systems Engineer on the Retail Environments Team at Vanguard's Charlotte, North Carolina, location. (Id. at 2). In January 2005, Snow was moved to the Production Support Team (PCOE) as an S Level Software Developer and received "fully successful" ratings on annual performance appraisals in 2007, 2008, and 2009. (Id.). On July 22, 2009, she was granted intermittent leave under the FMLA to care for her mother. (Id.).

In March 2010, Snow was moved from the PCOE team to the Annuities Record Keeping Team (ARK) and subsequently received a 60-day written disciplinary alert on September 13, 2010. (Id.). She complained to Vanguard's human resources department employee Bettye Richardson about the disciplinary action. (Id. at 3). On or about November 8, 2010, Snow received a formal warning which remained in effect until May 26, 2011. (Id.). She accepted a demotion in lieu of termination to an R Level position, with a reduction of compensation and

---

[1] Snow moves to strike, (Doc. No. 50), an affidavit submitted with Vanguard's Reply, (Doc. No. 48, Exhibit 5: Affidavit of Kim Keller). Alternatively, Snow seeks permission to file a surreply in rebuttal. Based on the Court's resolution of the summary judgment issue, Snow's Motion to Strike is moot.

2

benefits, on May 27, 2011, and received "fully successful" ratings on annual performance appraisals in 2011 and 2012. (Id.).

On April 22, 2013, Snow began an FMLA leave of absence to care for her parents that lasted until May 17, 2013, in combination with paid time off and bereavement leave. (Id. at 4). She requested additional intermittent leave on May 21, 2013, to care for her father. (Id.). Snow's manager gave her a negative mid-year review regarding her productivity, after which Snow began to meet with her manager weekly to address her performance. (Id. at 4-5).

Snow applied for a developer position on the PCOE Team on July 31, 2013, and interviewed for the job on August 13, 2013. (Id. at 5). After she learned that another person was selected for the position, Snow complained to Richardson on September 20, 2013, that her non-selection was related to her use of FMLA leave, and again on November 5, 2013, that her non-selection was related to her age and sex. (Id. at 5-6). On November 6, 2013, Snow received a 60-day written disciplinary alert and she filed her EEOC charge the following day. (Id. at 6).

Her annual performance appraisal rating for 2013 was "further development needed," which made her ineligible for bonus and compensation awards. (Id.). She received a formal written warning on January 13, 2014, which was extended to March 24, 2014. (Id.). On January 28, 2014, Snow provided additional information to the EEOC. (Id. at 7). On June 3, 2014, Snow filed suit in state court, which was served on Vanguard on June 6, 2014. (Doc. No. 1: Notice of Removal at 1). Vanguard terminated Snow on June 20, 2014. (Doc. No. 22: Answer at 7).

II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a

3

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). "The burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the moving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in her pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

III. DISCUSSION

A. FMLA, ADEA, and N.C.G.S. § 143-422.2.

Under the FMLA, it is unlawful for an employer to "interfere with, restrain, or deny the exercise of" FMLA rights or to "discriminate against any individual for opposing" unlawful practices. 28 U.S.C. § 2615(a)(1), (2). The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his

4

compensation, terms, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1). N.C. Stat. Gen § 143-422.2 prohibits "discrimination or abridgment on account of … age … by employers which regularly employ 15 or more employees."

Generally, claims of such unlawful employment actions may be proved by direct evidence of discriminatory purpose or by the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973). Foster v. Univ. of Md.-Eastern Shore, 787 F.3d 243, 249 (4th Cir. 2015). Here, Vanguard does not dispute that Snow exercised her rights under the FMLA, that she is a member of a protected class based on her age, that she complained about alleged discrimination, or that she suffered adverse employment actions. Rather, Vanguard asserts that the FMLA claims are barred by the two year statute of limitations for non-willful violations, disputes the evidence submitted by Snow, and maintains that there were legitimate reasons for its actions.

For purposes of resolving the instant summary judgment motion, which requires viewing the evidence and inferences from the evidence in light most favorable to Snow as the nonmoving party, the Court finds there is sufficient evidence of discriminatory purpose to establish a genuine issue for trial. For example, according to Wanda Kirschbaum, Snow's supervisor on the PCOE team, Kim Keller was the only Vanguard principal at the Charlotte campus and had control over the whole information technology office during the relevant time period. (Doc. No. 36, Exhibit 1: Kirschbaum Dep. 102). After Snow took FMLA leave in 2009, Keller directed Kirschbaum to rate her as "needs improvement" because she was not committed to Vanguard 100% of the time. (Id. at 33). Kirschbaum refused, and Keller reassigned Snow to the ARK team in 2010, for which she was less qualified and where she was immediately rated "needs improvement." (Id. at 35, 53).

5

Keller also reportedly stated they needed to do something to the S level employees who had been there too long to make room for the younger people that had been brought into the company. (Id. at 92). Snow was demoted from her S level position in 2011 and not selected for a position back on the PCOE team in 2013, which went to a younger employee. (Doc. No. 36, Exhibit 2: Snow Dep. 188). During the interview for that position, Keith Stevens asked questions about Snow's FMLA leave usage, which had occurred again in 2013. (Id. at 189). Snow received a disciplinary alert the day after she alleged FMLA retaliation and age discrimination to a Vanguard human resources employee, and her negative performance rating for the year prevented her from earning a bonus. (Id. at 215). She was ultimately terminated in 2014 after she filed charges with the EEOC and a suit in state court. (Doc. No. 22: Answer at 7). If evidence of discriminatory purpose were believed, a jury could return a verdict in Snow's favor.[2]

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that:**

1. Defendant's Motion for Summary Judgment, (Doc. No. 30) is **DENIED**; and

2. Plaintiff's Motion to Strike, (Doc. 50) is **DISMISSED as moot**.

Signed: September 25,

Robert J. Conrad, Jr.
United States District Judge

---

[2] Such evidence could also establish a willful FMLA violation, extending the statute of limitations to 3 years, which would encompass allegations in this case.